

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable J. F. Holubec
County Auditor
Lavaca County
Hallettsville, Texas

Dear Sir:

Opinion No. O-6450
Re: Whether it is mandatory
that the Commissioners'
Court of Lavaca County
fix the salaries of its
Commissioners at $2500.00
per annum.

Your request for our opinion on the hereinabove captioned matter has been received by this department. We quote from your letter as follows:

"The 49th Legislature amended Art. 2350, relating to salaries of the County Commissioners based on assessed valuation of a County, and that relating to Lavaca County is between the following value:

"$2,000,001 and less than $20,000,000.00, not to exceed $2500.00.

"What I desire to know does such change say or imply that the salaries of a County Commissioner in the above enumerated bracket must be $2500.00, or is it optional with the Commissioners' Court to fix the salary of the Commissioner at any sum they see fit, not to exceed $2500.00 annually."

Lavaca County had an assessed valuation of $13,201,820 for the year 1944.

House Bill No. 84, Acts 49th Legislature, Regular Session, 1945, reads in part as follows:

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. J. F. Holubeo,   page 2

"Article 2350.  In counties having the following assessed valuations, respectively, as shown by the total assessed valuations of all properties certified by the county assessor and approved by the Commissioners Court, for county purposes, for the previous year, from time to time, the County Commissioners of such counties shall each receive annual salaries not to exceed the amounts herein specified, said salaries to be paid in equal monthly installments, at least one-half (1/2), and not exceeding three-fourths (3/4), out of the Road and Bridge Fund, and the remainder out of the General Fund of the county; said assessed valuations and salaries applicable thereto being as follows:

| "Assessed Valuations | Salaries to be paid each Commissioner |
|---|---|
| "Not to exceed $3,500,000.00, as provided at end of this Section. | |
| $ 3,500,001 and less than 6,000,000 not to exceed | $1,500.00 |
| $ 6,000,001 and less than 9,000,000 not to exceed | 1,800.00 |
| $ 9,000,001 and less than 10,000,000 not to exceed | 2,000,00 |
| $10,000,001 and less than 12,000,000 not to exceed | 2,200.00 |
| $12,000,001 and less than 20,000,000 not to exceed | 2,500.00 |
| $20,000,001 and less than 30,000,000 not to exceed | 3,000.00 |
| $30,000,001 and less than 75,000,000 not to exceed | 3,600.00 |
| $75,000,001 and less than 120,000,000 not to exceed | 4,000.00 |
| $120,000,001 and less than 140,000,000 not to exceed | 4,800.00 |
| $140,000,001 and less than 400,000,000 not to exceed | 5,500.00 |
| $400,000,001 and over not to exceed | 6,000,00 |

Hon. J. F. Holubec, page 3.

".  .  .

"Sec. 3. <u>The Commissioners' Court at its first</u>
<u>regular meeting after the effective date of this Act</u>
<u>and thereafter at the first regular meeting of each</u>
<u>year shall, by order duly made and entered upon the</u>
<u>minutes of same Court, fix the salaries of the County</u>
<u>Commissioners for such year, within the limits as</u>
<u>provided for in this Act</u>."  (Underscoring ours)

The provisions of H. B. No. 84 are expressed in plain
and unambiguous language, and its meaning is clear and definite.

This Act does not make it mandatory that the Commis-
sioners' Courts fix the salaries of Commissioners at the maximum
figure provided for in each of the above brackets, but merely
provides that the Commissioners Courts cannot pay Commissioners
salaries in excess of the amount specified in each of said
brackets.

In connection with the foregoing we wish to point out
our Opinion No. O-6576, wherein it states as follows:

". . . . Any increase of salary for the year 1945
must be in the proportion as the balance of the year
relates to the total annual increase that may be made
under said Act. In other words, if . . . the increase
in compensation is allowed as of June 1st, then the
increase for 1945 would be 7/12ths . . . The compensa-
tion for the months passed cannot be increased.

"In connection with the foregoing we direct
your attention to Art. 689a-11, V. A. C. S., which is
in part as follows:

"'When the budget has been finally approved
by the Commissioners' Court, the budget, as ap-
proved by the Court shall be filed with the Clerk
of the County Court, and taxes levied only in ac-
cordance therewith, and no expenditure of the
funds of the county shall thereafter be made ex-
cept in strict compliance with the budget as
adopted by the Court. Except that emergency ex-
penditures, in case of grave public necessity, to
meet unusual and unforeseen conditions which could
not, by reasonably diligent thought and attention,
have been included in the original budget, may
from time to time be authorized by the Court as
amendments to the original budget. In all cases
where such amendments to the original budget is
made, a copy of the order of the Court amending

Hon. J. F. Holubeo, page 4

the budget shall be filed with the Clerk of the County Court, and attached to the budget originally adopted.'"

It is therefore our opinion that the Commissioners' Court of Lavaca County may fix the salaries of its Commissioners at any sum it sees fit, so long as the amount does not exceed $2500.00 annually.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

APPROVED JUL 6 1945

ATTORNEY GENERAL OF TEXAS

By                    J. C. Davis, Jr.
                     J. C. Davis, Jr.
                     Assistant.

JCD:bJ

